NEWTON E. BLUNT, APPELLANT, v. NATIONAL FIDELITY & CASUALTY COMPANY, APPELLEE.

FILED MAY 17, 1913. No. 17,178.

1. **Insurance:** ACTION: NOTICE. Proof of the delivery of a written notice of the commencement of sickness to an agent of a health insurance company, and of its having been sent by him to the home office of the company and there received within the time limit, is a sufficient compliance with a provision of a policy requiring such notice to "be mailed to the secretary of the company."

2. ———: ———: REPORTS OF PHYSICIAN: PROOF. Requirements in a policy of health insurance that, "if the insured is disabled by injury or illness for more than 30 days, he or his representative shall, as a condition precedent to recovery hereunder, furnish the company, every 30 days, with a report in writing from his attending physician or surgeon, fully stating the condition of the insured and the probable duration of disability," and that "affirmative proof, verified by physician, must be filed with the company at Omaha, Nebraska, within one month from date of death, or loss of limb or sight, or termination of disability, otherwise all claims

hereunder shall be forfeited to the company," are not unreasonable. Such proofs, unless waived by the insurer, or unless it is estopped by reason of facts in evidence from insisting upon their being furnished, are essential to recovery in a suit on the policy.

3 ———: ———: EVIDENCE: DIRECTING VERDICT. Evidence examined, and *held* to be so defective as to justify the district court in directing a verdict for the defendant.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*George W. Berge,* for appellant.

*A. A. Heacock, E. C. Strode* and *M. V. Beghtol, contra.*

LETTON, J.

Plaintiff sued to recover $90 which he alleged was due him under a policy of health insurance issued by the defendant company for two months' disability by sickness from October 20, 1909, on the basis of $45 a month. He alleges defendant was duly notified of plaintiff's illness as the policy provides. Defendant by its answer admits the existence of the contract, and pleads the failure of plaintiff to comply with the provisions of the policy with respect to notice and proofs. The policy requires that written notice of the commencement of sickness "must be mailed to the secretary of the company at Omaha, Nebraska, and failure to give such written notice within ten days after the date of such injury, or commencement of illness, shall invalidate any and all claims under this policy." It also provides that "affirmative proof, verified by physician, must be filed with the company at Omaha, Nebraska, within one month from date of death, or loss of limb or sight, or termination of disability, otherwise all claims hereunder shall be forfeited to the company," and further provides, "if the insured is disabled by injury or illness for more than 30 days, he or his representative shall, as a condition precedent to recovery hereunder, furnish the company, every 30 days, with a report in writ-

ing from his attending physician or surgeon, fully stating the condition of the insured and the probable duration of disability." The evidence shows that in the latter part of October, 1909, plaintiff was attacked by illness. He called a physician, who at first diagnosed the case as la grippe. He also notified one Marstellar, the company's agent at Lincoln, who is vested with power to appoint subagents, solicit new business, make collections, and sign receipts. He received from Mr. Marstellar or from Mr. Bigley, an agent acting under Marstellar, a printed blank furnished by the defendant company for the purpose of giving notice of illness. This was filled out by him and by his attending physician, Dr. Ballard, apparently in conformity with the requirements of the company. It was delivered to Marstellar by the plaintiff, and was forwarded by him to the home office at Omaha. It bears upon its face a stamped imprint, "Received October 29th, 1909, N. F. C. Co., Omaha, Neb." Since written notice on the blank furnished by the company's agent was delivered to him within the time specified, and by him mailed at once to Omaha, no defense can be predicated upon the provisions of the policy requiring written notice in ten days after illness.

As to the requirement of notice of a disability by illness for more than 30 days, the testimony shows that Dr. Ballard made out another notice on November 10 or 15 not upon a blank of the company. Plaintiff testified that after the first report was made he was requested by Marstellar to make out another, which was done, and in the latter report he stated the time he had been sick, that he gave it to Marstellar in his office at Lincoln, and that he also left with Marstellar a notice made out by Dr. Jonas of Omaha; that no request was made for a further report or proof. Bigley testified that he helped plaintiff fill out the first notice, and that he was instructed by Marstellar and Mr. Wolfle, the assistant secretary of the company, to leave proofs of injury and of recovery with Mr. Marstellar, and that Blunt knew this. He also testified that Blunt showed him a second notice. Marstellar testified that

Blunt left the first notice with him, and that he sent it direct to the company at Omaha; that he did not remember that any other notice was given him by Blunt, but that he sent to Omaha whatever was given him. It is neither pleaded nor proved that the requirements of the policy as to final proof of termination of disability were ever complied with. The above sets forth the gist of the testimony with respect to the notice of illness. After the plaintiff rested, the defendant requested a peremptory instruction in its favor, for the reason that there was no testimony with reference to the furnishing of proof of loss, verified by a physician, having been furnished to the company in compliance with the terms of the policy, or that the same was waived by the company. This motion was sustained, the jury were instructed accordingly, and judgment of dismissal entered upon the verdict. Appellant insists that this was error, because sufficient notice was given when the notices were left with Marstellar, and also because before the suit a different reason for the nonpayment of the policy was given by the company in a letter to the insurance deputy, and that, since the nonliability was then placed upon other grounds than insufficiency of notice, this amounted to a waiver of proofs of loss.

There is no competent proof in the record that the two notices necessary to comply with the terms of the policy, other than the preliminary notice, were ever given. It may be that the requisite notices were given, and that they are now in the hands of the defendant. If so, plaintiff is provided by the statute with the means to obtain the evidence, or, if unattainable, to supply the same by secondary proof. The requirements of the policy are not unreasonable, and it is not unjust nor unfair to the policyholder to require that information be communicated to the insurer at stated intervals as to the progress of the disability for which it will later be called upon to indemnify him, and that proof of the time of termination of his disability be furnished, so that the insurer may inquire

into the facts if it so desires. The evidence as to the contents of the papers which plaintiff's testimony shows he handed to Marstellar, even if such evidence were competent, is vague, uncertain and indefinite. Legal proof was presumably within reach, but was not furnished, nor was a foundation laid for secondary proof of the contents of the papers. There is no proof of knowledge of Marstellar of the termination of sickness, or that any knowledge of such fact was communicated to the company.

As to the second point urged by appellant, based upon the letter written to the insurance deputy by the defendant: The letter referred to is as follows: "Omaha, Nebr., Jan. 20, 1910. Mr. C. E. Pierce, Insurance Deputy, Lincoln, Nebraska. Dear Sir: Referring to your communication of the 18th inst., in re Newton E. Blunt, the reason that Mr. Blunt's claim was not allowed was that, according to his own and his doctor's statements, he had no claim against this company. Very truly yours, National Fidelity & Casualty Co. George W. Wolfle, Manager Accident Dept. Received Jan. 22, 1910, Insurance Dept., Lincoln, Nebr." There is no proof that this letter was written at Mr. Blunt's suggestion, or that its contents were at once communicated to him, or that he knew of the general denial of liability until after the time for filing proofs had expired. Of course, under these circumstances no waiver of proofs of loss can be predicated on this letter.

We think none of the authorities cited by appellant are applicable to the facts in this case, save as to the first notice and its delivery, and we agree with his contention in these respects.

We find no error in the record, and the judgment of the district court is

AFFIRMED.

REESE, C. J., ROSE and FAWCETT, JJ., concur.

BARNES, SEDGWICK and HAMER, JJ., not sitting.